Evan J. Shenkman
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART,
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
Attorneys for Plaintiff American Water Works
Company, Inc.
.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
(Camden Division)

| | |
|---|---|
| **AMERICAN WATER WORKS COMPANY, INC.,**<br>**1025 Laurel Oak Road**<br>**Voorhees, New Jersey  08043**<br><br>            **Plaintiff,**<br><br>v.<br><br>**UTILITY WORKERS LOCAL 423,**<br>an unincorporated association and affiliate<br>of Utility Workers Union of America,<br>1102 Hazelwood Avenue<br>Middlesex, New Jersey  08846<br><br>**UTILITY WORKERS LOCAL 121,**<br>an unincorporated association and affiliate<br>of Utility Workers Union of America,<br>6700 Shorecrest Drive<br>Harrison, Tennessee  37341<br><br>**UTILITY WORKERS LOCAL 537,**<br>an unincorporated association and affiliate<br>of Utility Workers Union of America,<br>One South College Street<br>Washington, Pennsylvania  15301<br><br>**LIUNA LOCAL 1353,**<br>an unincorporated association and affiliate<br>of the Laborers International Union of<br>North America ("LIUNA"),<br>1 Union Square, Suite 1<br>Charleston, West Virginia  25302 | Case No. _____ |

|  |  |
|---|---|
| **AFSCME LOCAL 1821,** <br> **an unincorporated association and affiliate** <br> **of the American Federation of State, County,** <br> **and Municipal Employees ("AFSCME"),** <br> **3031 Walton Road** <br> **Building C, Suite 300** <br> **Plymouth Meeting, Pennsylvania  19462** <br><br>              **and** <br><br> **WORKERS UNITED, SEIU LOCAL 16,** <br> **an unincorporated association and affiliate** <br> **of the Service Employees International Union** <br> **("SEIU"),** <br> **Chicago & Midwest Reg. Jt. Board** <br> **333 South Ashland Avenue** <br> **Chicago, Illinois  60607,** <br><br>              **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

### NATURE OF ACTION

1.      This action seeks declaratory relief to preclude arbitration proceedings pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

### JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

### VENUE

3.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.     Plaintiff American Water Works Company, Inc., ("AWW") is a Delaware corporation with its principal place of business in Voorhees, New Jersey. AWW is the parent company of various local operating subsidiaries ("AWW Operating Companies") that in turn operate various water and wastewater utilities across the United States, including various operations within the territorial jurisdiction of this Court.

5.     Defendants Utility Workers Locals 121, 423, and 537 ("UW Locals") are unincorporated local labor unions that represent certain hourly employees of various AWW Operating Companies in Tennessee (Local 121), New Jersey (Local 423), and Pennsylvania, Maryland, and West Virginia (Local 537). The UW Locals are all affiliates of Utility Workers Union of America ("UWUA").

6.     Defendant Local 1353 of the Laborers International Union of North America ("Local 1353") is an unincorporated local labor union that represents certain hourly employees of one of the AWW Operating Companies in West Virginia. Local 1353 is an affiliate of the Laborers International Union of North America ("LIUNA").

7.     Defendant AFSCME Local 1821 ("Local 1821") is an unincorporated local labor union that represents certain hourly employees of one of the AWW Operating Companies in Pennsylvania. Local 1821 is an affiliate of the American Federation of State, County, and Municipal Employees ("AFSCME").

8.     Defendant Workers United, SEIU Local 16 ("Local 16") is an unincorporated local labor union that represents certain hourly employees of one of the AWW Operating Companies in Illinois. Local 16 a local labor union governed by or within the structure of the Chicago & Midwest Regional Joint Board of the Service Employees International Union ("SEIU"), and is an affiliate of the SEIU.

## CLAIM FOR DECLARATORY RELIEF

### Limited Scope of Bargaining of the Defendant Local Unions

9. The UW Locals, Local 1353, Local 1821, and Local 16 (collectively, "Defendant Locals") have negotiated local collective bargaining agreements ("local CBAs") covering some terms and conditions of employment of those hourly employees of various AWW Operating Companies who they represent for purposes of bargaining.

10. However, the Defendant Locals do not negotiate the substantive terms of the medical, retirement, or other employee benefit plans for the employees they otherwise represent in bargaining with the AWW Operating Companies. The local CBAs do not contain specific, substantive terms setting forth the medical or other benefits provided to covered employees, at least insofar as pertinent to the underlying disputes in this action.

11. Rather, for several decades, the Defendant Locals and various other local labor unions representing employees of AWW Operating Companies have ceded authority to negotiate the substantive terms of such benefits to a committee of representatives of various international unions ("Union National Benefits Committee").

12. The Defendant Locals each agree in their local CBAs with the AWW Operating Companies to be bound by the results of all national benefits bargaining between AWW and the Union National Benefits Committee.

13. AWW and the Union National Benefits Committee have entered into a series of National Benefits Agreements ("NBAs") for several decades.

14. In the 1990 national benefits negotiations, AWW and the Union National Benefits Committee (or its predecessor) were unable to reach an agreement as to the terms of the NBA. AWW implemented the terms of its last, best, final offer ("LBFO") effective January 1, 1991,

and various local unions (including some of the Defendant Locals) grieved.  By agreement, the parties submitted these grievances to a single arbitrator who subsequently upheld AWW's right to implement its LBFO without violating the local CBAs.

15. The most recent NBA was the 2005-2010 National Benefits Agreement (attached as Exhibit A) which, by its express terms, was effective August 1, 2005 through July 31, 2010.

16. The Defendant Locals are not signatory or otherwise direct parties to the 2005-2010 National Benefits Agreement.  Such agreement, like its predecessor agreements, has been negotiated and executed by representatives of various international or national unions, with the terms of such NBA to be applied to the covered employees nationally.

**National Benefits Bargaining in 2010 and Expiration of Agreement**

17. In 2010, AWW and Union National Benefits Committee entered into negotiations for a successor agreement for the 2005-2010 National Benefits Agreement.

18. When the 2005-2010 National Benefits Agreement expired, the parties continued to negotiate.

19. AWW maintained medical and other benefits set forth in the 2005-2010 National Benefits Agreement through December 31, 2010 (i.e., beyond the July 31, 2010, expiration of the 2005-2010 National Benefits Agreement).

20. AWW and the Union National Benefits Committee reached impasse in negotiations during the latter part of 2010.

21. AWW implemented the terms of its LBFO regarding the terms of medical and other benefits effective January 1, 2011.

22. AWW's implementation of its LBFO was consistent with its rights under Section 8(d) of the Labor-Management Relations Act.

23. The employees and local labor unions, including the Defendant Locals, which have been represented in bargaining for benefits by the Union National Benefits Committee have at all times after the expiration of the 2005-2010 National Benefits Agreement reserved the right to strike concerning the terms of medical and other benefits.

24. The Defendant Locals have filed numerous grievances ("Local Grievances") protesting the implementation by AWW and the AWW Operating Companies of the terms of the LBFO regarding the terms of medical and other benefits effective January 1, 2011. A collection of such grievances filed to date is attached as Exhibit B.

25. AWW and the AWW Operating Companies have denied the grievances.

26. Several Defendant Locals have demanded or otherwise indicated they intend to seek arbitration of one or more of the grievances they have filed. To the extent any Defendant Local has not made a specific demand for arbitration of one or more grievances, such Defendant Local(s) have asserted the right to do so, making this dispute ripe for resolution by the Court.

27. AWW and the AWW Operating Companies have denied the demands for arbitration.

28. No previous application for the relief requested herein, or any similar relief, has been made as to this or any other Court with respect to any of the Defendants.

## COUNT I

### THE DEFENDANT LOCALS LACK CAPACITY TO GRIEVE THE IMPLEMENTATION OF AWW'S FINAL BENEFITS OFFER

29. AWW incorporates the allegations of Paragraphs 1 through 28 above as if fully incorporated in this Paragraph 29.

30. The Defendant Locals are not parties to or signatory to the 2005-2010 National Benefits Agreement, and have ceded authority to bargain with AWW and/or the AWW

Operating Companies regarding the substantive terms of the medical and other benefits provided thereunder to the Union National Benefits Committee.

31. Accordingly, the Defendant Locals have no capacity to bring grievances challenging the implementation of new benefit terms after the expiration of the 2005-2010 National Benefits Agreement.

WHEREFORE, AWW seeks judgment against the Defendant Locals:

(a) declaring the Local Grievances relating to the implementation of benefits effective January 1, 2011, to not be arbitrable;

(b) directing the Defendant Locals to withdraw their demands for arbitration; and

(c) temporarily, preliminarily and permanently enjoining, prohibiting and restraining Defendant Locals from attempting to arbitrate any grievance concerning the implementation of benefits effective on or after January 1, 2011, after the expiration of the 2005-2010 National Benefits Agreement;

(d) awarding AWW attorneys' fees and costs of this suit; and

(e) awarding AWW such other and further relief as the Court may deem proper.

## COUNT II

## THE GRIEVANCES ASSERTED BY THE DEFENDANT LOCALS ARE NOT SUBSTANTIVELY ARBITRABLE UNDER THE PARTIES' AGREEMENTS

32. AWW incorporates the allegations of Paragraphs 1 through 31 above as if fully incorporated in this Paragraph 32.

33. The Local Grievances all protest the implementation of new benefit terms on January 1, 2011, after the expiration of the 2005-2010 National Benefits Agreement.

34. The substantive terms of the medical and other benefits are not set forth in the local CBAs.

35.     Accordingly, the Local Grievances do not assert substantive claims for violations of the parties' agreement on medical or other benefits.

36.     Further, the right to arbitrate disputes concerning the terms of benefits does not survive the expiration of the 2005-2010 National Benefits Agreement on July 31, 2010.  Any right to arbitrate disputes concerning benefits previously covered by the 2005-2010 National Benefits Agreement does not apply to benefits implemented on or after January 1, 2011.

37.     Accordingly, the Local Grievances are not substantively arbitrable.

WHEREFORE, AWW seeks judgment against the Defendant Locals:

(a)     declaring the Local Grievances relating to the implementation of benefits effective January 1, 2011, to not be arbitrable;

(b)     directing the Defendant Locals to withdraw their demands for arbitration; and

(c)     temporarily, preliminarily and permanently enjoining, prohibiting and restraining Defendant Locals from attempting to arbitrate any grievance concerning the implementation of benefits effective January 1, 2011, after the expiration of the 2005-2010 National Benefits Agreement;

(d)     awarding AWW attorneys' fees and costs of this suit; and

(e)     awarding AWW such other and further relief as the Court may deem proper.

## COUNT III

**THE GRIEVANCES ASSERTED BY THE DEFENDANT LOCALS ARE PREEMPTED BY SECTIONS 8(d) AND 8(b)(3) OF THE LABOR-MANAGEMENT RELATIONS ACT**

38.     AWW incorporates the allegations of Paragraphs 1 through 37 above as if fully incorporated in this Paragraph 38.

39. AWW's implementation of new benefits terms on January 1, 2011, after the impasse in negotiations was reached, was privileged by the terms of the Section 8(d) of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 158(d).

40. Further, the assertion of the Local Grievances by the Defendant Locals amounts to an illegal unilateral withdrawal from the joint bargaining agreement of the parties for national benefits bargaining in violation of Section 8(b)(3) of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 158(b)(3).

41. The legal rights and restrictions of the parties as set forth in Paragraphs 39 and 40, preempt any asserted right to arbitrate the disputes raised in the Local Grievances.

42. Accordingly, the Defendant Locals have no legal right to grieve the implementation of the new benefits terms, and the Local Grievances are not arbitrable.

WHEREFORE, AWW seeks judgment against the Defendant Locals:

(a) declaring the Local Grievances relating to the implementation of benefits effective January 1, 2011, to not be arbitrable;

(b) directing the Defendant Locals to withdraw their demands for arbitration; and

(c) temporarily, preliminarily and permanently enjoining, prohibiting and restraining Defendant Locals from attempting to arbitrate any grievance concerning the implementation of benefits effective January 1, 2011, after the expiration of the 2005-2010 National Benefits Agreement;

(d) awarding AWW attorneys' fees and costs of this suit; and

(e) awarding AWW such other and further relief as the Court may deem proper.

Plaintiff designates Camden, New Jersey as the location of trial.

9

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/ Evan J. Shenkman
Evan J. Shenkman
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone:  973.656.1600
Fax:  973.656.1611
evan.shenkman@ogletreedeakins.com

Anthony B. Byergo
(motion for pro hac admission forthcoming)
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone:  816.471.1301
Fax:  816.471.1303
anthony.byergo@ogletreedeakins.com

ATTORNEYS FOR PLAINTIFF
AMERICAN WATER WORKS COMPANY, INC.

9936466.1 (OGLETREE)